E-FILED
Tuesday, 06 June, 2017 04:55:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PARNELL GULLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 17-2122 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Parnell Gulley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A

preliminary review of Petitioner's motion shows that it must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In February 2011, a jury found Petitioner guilty of distribution of five or more grams of cocaine base ("crack"). See United States v. Gulley, Central District of Illinois, Urbana Division, Case No. 08-20057 ("Crim. Case") (d/e 65). The sentencing hearing was held in October 2011. Crim. Case, October 24, 2011 Minute Entry.

At sentencing, United States District Judge Michael P. McCuskey determined that Petitioner qualified as a career offender based on two prior convictions: (1) possession of cannabis with intent to deliver, Cook County, Illinois, Case No. 99-CR-1372901; and (2) delivery of a controlled substance, Cook County, Illinois, Case No. 03 CR 2139301. See Crim. Case, Sentencing Tr. at 5-13 (October 24, 2011) (d/e 95); Sentencing Tr. at 43 (October 12, 2011) (d/e 94); Presentence Investigation Report (PSR) ¶ 27 (d/e 73). This resulted in an advisory Sentencing Guideline range of 360 months to life. Crim. Case, PSR ¶ 63 (d/e 73). Petitioner faced a statutory imprisonment range of 10 years to life. Id. ¶ 62.

Judge McCuskey sentenced Petitioner to 327 months' imprisonment. Crim. Case, Judgment (d/e 75). Petitioner appealed.

On appeal, the Seventh Circuit affirmed Petitioner's conviction but vacated his sentence and remanded for resentencing. United States v. Gulley, 722 F.3d 901, 911 (7th Cir. 2013). The Seventh Circuit held that the Fair Sentencing Act applied to Petitioner in light of Dorsey v. United States, 567 U.S. 260 (2012)—decided after Petitioner's sentencing—and that the district court's failure to apply the Fair Sentencing Act was not harmless. Id.

On remand, the Probation Office prepared a Memorandum noting that Petitioner qualified as a career offender. Crim. Case, Mem. ¶ 6. The Memorandum provided that Petitioner faced a statutory maximum of 30 years' imprisonment (no mandatory minimum) and an advisory Guideline range of 262 to 327 months. Id. ¶ 10.

At the resentencing hearing, Judge McCuskey noted Petitioner's career offender status. See Crim. Case, Sentencing Tr. at 6, 14, 15 (March 11, 2014) (d/e 111). Judge McCuskey

sentenced Petitioner to 168 months' imprisonment. Crim. Case, Judgment (d/e 108). Petitioner appealed but voluntarily dismissed the appeal. Crim. Case, Notice of Appeal (d/e 112); Mandate, August 21, 2014 (d/e 116).

In May 2017, Petitioner filed his § 2255 Motion. Because of Judge McCuskey's retirement from his position as a District Court Judge, the case has been assigned to this Court.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Petitioner argues that his two prior convictions for controlled substance offenses do not qualify as predicate offenses under the career offender guideline. Petitioner claims that the underlying statutes of conviction are broad and provide for "more than one way to commit the offense." Mot. at 4; see also U.S.S.G. § 4B1.1(a) (providing that a defendant qualifies as a career offender where, in addition to other requirements, he has at least two prior felony

convictions of either a crime of violence or a controlled substance offense). Petitioner does not identify the underlying statutes of conviction or provide any additional argument. Petitioner asserts, however, that he could not bring this claim until the decision in Mathis v. United States, 136 S. Ct. 2243 (2016) (holding that the modified categorical approach for determining whether a prior conviction constitutes a violent felony under the similarly worded Armed Career Criminal Act (ACCA) only applies to divisible statutes, and a statute is not divisible if the statute lists alternative means of committing the crime as opposed to alternative elements).

Deviations from the Sentencing Guidelines are generally not cognizable under 28 U.S.C. § 2255. See Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010). To obtain relief under § 2255, a petitioner must show that his sentence violates the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). That is, relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a

fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted). The Seventh Circuit has held that an erroneous determination that a petitioner was a career offender is not a cognizable error under § 2255 after the Guidelines were made advisory. United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014) (finding that the petitioner's claim that his prior conviction no longer qualified as a predicate offense under the career offender guideline in light of recent precedence was not cognizable on a § 2255 motion); Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013) (finding erroneous determination that the petitioner was a career offender was not cognizable under § 2255, noting in particular the interest in finality).

In this case, Petitioner was sentenced under the advisory Sentencing Guidelines to a sentence well below the advisory Guideline range and well below the statutory maximum of 30 years' imprisonment. Petitioner has not identified any error of constitutional or jurisdictional magnitude, a violation of federal

law, or a defect that resulted in a complete miscarriage of justice. See Hawkins, 706 F.3d at 824 (noting that a sentence well below the statutory maximum should not be considered a "miscarriage of justice . . . just because the judge committed a mistake en route to imposing it").

Petitioner relies on Mathis to support his argument, but Mathis is a case of statutory interpretation, not constitutional law. See Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (finding that Mathis did not authorize a successive § 2255 petition in part because Mathis did not announce a new rule of constitutional law); Dawkins v. United States, 829 F.3d 549, 550 (7th Cir. 2016) (same). Therefore, Petitioner is not entitled to relief.

Petitioner's § 2255 Motion is also untimely. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3) because Petitioner does not allege any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting the claim (§ 2255(f)(4)).

Petitioner's conviction became final November 19, 2014, 90 days after Petitioner voluntarily dismissed his second appeal and the Seventh Circuit issued the mandate. See Latham v. United States, 527 F.3d 651, 653 (7th Cir. 2008) (finding the one-year period began to run 90 days after the petitioner voluntarily dismissed his direct appeal and the mandate was issued); Clay v. United States, 537 U.S. 522, 525 (2003) (when a defendant takes an unsuccessful direct appeal, the one-year period begins to run

when the time for filing a petition for certiorari expires); Sup. Ct. R. 13.1 (requiring a petition for certiorari be filed within 90 days after entry of judgment). Petitioner's § 2255 Motion filed on May 31, 2017 was clearly filed beyond one-year from the date the conviction was final.

The other possible date for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner relies on Mathis as the basis for his relief. However, the Supreme Court did not recognize a new right in Mathis.

"[A] case announces a new rule if the result was not <u>dictated</u> by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original). The language in Mathis appears to contradict any assertion that Mathis announced a new rule. In Mathis, the Supreme Court stated:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only,

> comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257. Moreover, several cases have held that Mathis does not trigger a new one-year period under § 2255(f)(3). See Davis v. United States, Nos. 2:13-CR-46-JRG-8, 2:16-CV-363-JRG, 2016 WL 7234762, at *2 (E.D. Tenn. Dec. 13, 2016) (holding that Mathis "involved application of the categorical approach first adopted by the Supreme Court in Taylor and refined in the Descamps [v. United States, 133 S. Ct. 2276 (2013)] decision to a new set of facts" and did not articulate a new right for purposes of § 2255(f)(3)); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) (Mathis does not trigger a new one-year period for habeas relief under § 2255(f)(3)), appeal filed; but see Staples v. True, No. 16-cv-1355-DRH, 2017 WL 935895, *3 (S.D. Ill.

March 8, 2017) (involving a motion brought under 28 U.S.C. § 2241 and stating, in what appears to be dicta, that the petitioner may fail in showing that relief under § 2255 is inadequate because the petitioner was still within a year of the date Mathis was decided). Therefore, Petitioner's § 2255 Motion is also untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the Court declines to issue a Certificate of Appealability. A certificate may issue only if Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). Because the claims at issue do not satisfy this standard, the Court denies a Certificate of Appealability.

## IV. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate , Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court also denies a certificate of appealability. THIS CASE IS CLOSED.

**ENTER: June 5, 2017**

**FOR THE COURT:**

                               **s/Sue E. Myerscough**
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**